UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN DOE, ET AL.                                          CIVIL ACTION

VERSUS

NATIONAL COLLEGIATE                                       NO. 25-00092-BAJ-RLB
ATHLETIC ASSOCIATION

## RULING AND ORDER

Plaintiff, proceeding *pro se*, has a filed a self-styled **Declaratory Judgment For Preliminary And Permanent Injunction Pursuant To The Tenth Amendment With Motion For Temporary Restraining Order And Permanent Injunction**, which the Court construes as both a Complaint and Request for Temporary Restraining Order ("TRO") brought pursuant to 15 U.S.C. § 1, et seq. (Doc. 1, "the Complaint). Plaintiff, who identifies himself only by "H, Living on the Land," filed the Complaint on behalf of two of his adult sons, the older of which he refers to as "John Doe" (and, alternatively, as "S"), and the younger of which he refers to as "Jim Doe" (and, alternatively, as "L"). (*Id.*). Plaintiff notes that he has identified neither himself nor his sons in the Complaint "to avoid sullying their names and otherwise upstanding reputations given that their name, image, and likeness and potential increased payment/income is due to track and field." (*Id.* at 6–7). Plaintiff specifically indicates that his sons are adults. (*Id.* at 7).

Liberally interpretated, Plaintiff requests the Court to enjoin the National Collegiate Athletic Association ("NCAA") from enforcing its Five-Year and related

waiver Bylaws, as well as its Junior College Eligibility Limitation Bylaws. (*See* Doc. 1). Plaintiff seeks this enjoinment in the form of a TRO, preliminary injunction, and a permanent injunction. (*Id.* at 4, 6–10). Plaintiff alleges that these rules, which would prevent his son John Doe from participating in additional years of track and field, violate, at the very least, Section 1 of the Sherman Antitrust Act. (*Id.* at 3–4, 6–10). In addition, Plaintiff requests that the Court enjoin an unspecified law school from charging his son Jim Doe out-of-state tuition and preserve his first-year law school grades on his law school transcript pending a hearing on damages. (*Id.* at 4, 6–10). Plaintiff does not explicitly articulate how or whether his claims on behalf of Jim Doe relate to Plaintiff's challenge against the NCAA on behalf of John Doe. (*Id.*).

Federal Rule of Civil Procedure 10(a) requires that a "complaint must name all the parties." "This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Sys., Inc.*, No. 13-cv-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Additionally, Rule 17(a)(1) provides that "[a]n action must be prosecuted in the name of the real party in interest." "Nonetheless, under some circumstances a party may proceed anonymously or under a pseudonym." *Doe v. Griffon Mgmt. LLC*, No. 14-cv-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014).

While the court is aware that Plaintiff is proceeding *pro se*, he has failed to comply with Rule 10(a). In his complaint, Plaintiff expressed general concern that filing suit using the real names of himself and his sons would risk tarnishing his sons'

2

reputations and potentially harm future name, image, and likeness profits. However, without a motion requesting permission to use, and elaborating on the need for, plaintiff pseudonyms, the Court cannot determine whether a valid exception exists to Rule 10(a)'s general prohibition against pseudonym use in civil filings.

Secondly, and more fundamentally, the Court does not have subject matter jurisdiction over this case, as currently filed, in the first place. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990). Among other requirements, to establish standing, the plaintiff must demonstrate a "concrete and particularized" injury caused by the defendant. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Courts "generally presume that a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014). The proximate-cause requirement generally bars claims where the plaintiff "complain[s] of harm flowing merely from the misfortunes visited upon a third person by the defendant's acts." *Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 268–69 (1992). Furthering these principles, courts in the Fifth Circuit have broadly found that *pro se*, non-attorney parents of adult children who are not incompetent do not have standing to sue in federal court on behalf of their competent adult children. *See Cushman v. City of Denton*, No. 4:11cv746, 2012 WL 629748 (E.D. Tex. Feb. 27, 2012); Hills *v. Lamar Cnty. Sch. Dist.*, 2:06cv503, 2007 WL 869598 (S.D. Miss. Mar. 20, 2007) (finding that standing exists

only where the adult child consents and participates in the litigation, in the circumstance of that case by a Rule 15 complaint amendment); *Hamilton v. Comm'r, Soc. Sec. Admin.*, No. 3:22-CV-1501, 2022 WL 3691098 (N.D. Tex. Aug. 25, 2022).

As noted above, Plaintiff indicates in his Complaint that his sons are adult children, whom the Court presumes are competent.

Accordingly,

**IT IS ORDERED** that the Plaintiff's claims be and are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that, should at least one of the Plaintiff's sons, named here as "John Doe" and "Jim Doe," file an amendment to Plaintiff's complaint, and file a motion requesting to proceed under pseudonym if applicable, within thirty (30) days, the Court may consider reinstatement of Plaintiff's claims.

Judgment shall be entered separately.

Baton Rouge, Louisiana, this 18th day of February, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**